UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 4:09 CR 757 CAS |
| JEFFREY GREENWELL, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF INTENT TO USE RULE 414 EVIDENCE

COMES NOW the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Carrie Costantin, Assistant United States Attorneys for said District, and files this notice in accordance with Rule 414(b) of the Federal Rules of Evidence. The reports related to this evidence have been previously provided to defense counsel. This case is set for trial on June 22, 2011.

Pursuant to Rule 414, the Government intends to introduce evidence that defendant produced child pornography involving another minor male, BN.

In the instant case, the defendant is charged with five counts of Production of Child Pornography, in violation of Title 18, United States Code, Section 2251(a). These offenses occurred between January 1, 2003 and October 23, 2009.

Rule 414(a) states:

In a criminal case in which the defendant is accused of an offense of child molestation, evidence of defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing **on any matter to which it is relevant.**

1

Rule 414(d) states that an "offense of child molestation" includes a crime under Federal law or the law of a State that involved "any conduct proscribed by chapter 110 of title 18, United States Code." Federal Rule of Evidence 414(d).

Defendant is charged with Production of Child Pornography, in violation of Title 18, United States Code, Chapter 110, Section 2251(a). Thus, defendant is currently charged with an offense of child molestation because the counts are violations of Chapter 110.

The Government intends to introduce evidence that defendant used BN to create nude photos of BN. The nude photographs of BN are contained on the two computers seized from defendant's residence–the same location as the child pornography photographs of BE, SJ, KA, BK and KS. Testimony will establish that BN visited defendant at his residence in the Eastern District of Missouri in 2008. Defendant also took BN to Springfield, Missouri. BN was approximately ten years old.

Defendant's production of child pornography with BN is encompassed in Rule 414. This contact occurred during the same time period as the charged counts. Rule 414 dictates that such evidence is admissible.

In *United States v. Gabe*, 237 F.3d 954, 959 (8th Cir. 2001), the Court discussed the changes caused by Rule 414:

> Evidence of prior bad acts is generally not admissible to prove a defendant's character or propensity to commit crime. FED.R. EVID. 404(b). However, Congress altered this rule in sex offense cases when it adopted Rules 413 and 414 of the Federal Rules of Evidence. Now, in sexual assault and child molestation cases, evidence that the defendant committed a prior similar offense "may be considered for its bearing on any matter to which it is relevant," including the defendant's propensity to commit such offenses." FED.R. EVID. 413(1), 414(a). If relevant, such evidence is admissible unless its probative value is "substantially outweighed" by one or more of the factors enumerated in Rule 403, including "the danger of unfair prejudice."

In *Gabe*, the Court affirmed the admission of evidence that the defendant had molested a young girl twenty years earlier.

In *United States v. Benais,* 460 F.3d 1059, 1063 (8th Cir. 2006), the Court noted that while Rule 403 still applies, it must be applied so that Rule 414 has its intended effect:

> We have held, however, that Rule 403 must be applied in this context in a manner that permits Rules 413 and 414 to have their intended effect, namely, to permit the jury to consider a defendant's prior bad acts in the area of sexual abuse or child molestation for the purpose of showing propensity.

In *United States v. LeCompte*, 131 F.3d 767 (8th Cir. 1997), the Court reversed the district court's decision to exclude evidence that the defendant had molested a young girl ten years before the charged counts. The Court quoted Congressional intent:

> Rule 414 and its companion rules...are "general rules of admissibility in sexual assault and child molestation cases for evidence that the defendant has committed offenses of the same type on other occasions...The new rules will supersede in sex offense cases the restrictive aspects of Federal Rule of Evidence 404(b)."

*Id.*, at 769. The Court noted that Rule 403 must still be applied. "However, Rule 403 must be applied to allow Rule 414 its intended effect." *Id.* See also, *United States v. Withorn*, 204 F.3d 790 (8th Cir. 2000) (admission of rape of another juvenile); *United States v. Angle*, 234 F.3d 326 (7th Cir. 2000) (admission of twenty year old sodomy conviction and ten year old child molestation conviction in trial for child pornography charges).

In *United States v. Meachem*, 115 F.3d 1488, 1492 (10th Cir. 1997), the Court stated that "The historical notes to the rules and congressional history indicate that there is no time limit beyond which prior sex offenses by a defendant are inadmissible." The Court quoted the Congressional history: "No time limit is imposed on the uncharged offenses for which evidence may be admitted; as a practical matter, evidence of other sex offenses by the defendant is often

3

probative and properly admitted, notwithstanding very substantial lapses of time in relation to the charged offense or offenses." *Id.*   The Court concluded that "Rule 403 balancing is still applicable [citations omitted] , but clearly under Rule 414 the courts are to 'liberally' admit evidence of prior uncharged sex offenses." *Id.*

"Under Rule 414(a), the key to admissibility is relevance, and no independent evidence of the commission of the prior bad act is required."  *United States v. Norris*, 428 F.3d 907, 913 (9th Cir. 2005).  In *Norris,* defendant's admission that he had molested T.V.'s sister was admitted in the prosecution for his molestation of T.V.  The Court rejected the defendant's argument that *corpus delicti* evidence was required before defendant's admission to molesting T.V.'s sister could be heard by the jury.

The Government intends to introduce evidence of defendant's use of BN to produce child pornography.  This occurred during the same time period as the charged offenses.

Rule 414 states that "evidence of defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing **on any matter to which it is relevant."**  The Government intends to introduce evidence of his creation of child pornography with BN to show his identity.  Some of the images do not contain the defendant's face.  The images are contained on defendant's two computers.  Evidence that defendant produced child pornography with BN tends to establish that defendant produced child pornography with the victims listed in the indictment.

For the foregoing reasons, the Government respectfully requests that the Court admit the evidence outlined above pursuant to Rule 414.

Respectfully submitted,
RICHARD G. CALLAHAN
United States Attorney

  s/ Carrie Costantin
CARRIE A. COSTANTIN 54734
Assistant United States Attorney
111 S. 10th  Street, Room 20.333
St. Louis, Missouri  63102
(314) 539-2200

CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2011, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Ms. JoAnn Trog
121 West Adams
St. Louis, MO 63122

s/*Carrie Costantin*
CARRIE COSTANTIN  54734
Assistant United States Attorney