**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) **No. 4:09 CR  757 CAS** |
| | ) |
| **JEFFREY GREENWELL,** | ) |
| | ) |
| **Defendant.** | ) |

## PROPOSED VOIR DIRE ON BEHALF OF DEFENDANT GREENWELL

Comes now Defendant JEFFREY GREENWELL, by and through counsel, and in addition to the standard questions propounded by the Court to the prospective jury panel, the undersigned requests the attached enumerated questions supplement the voir dire thereby enabling the Defendant to obtain more information and make a more meaningful decision with respect to the selection of potential jurors for the trial.

## ACQUAINTANCE WITH PARTIES AND OTHERS IN LEGAL SYSTEM

1.     Is there anyone on the jury panel who is acquainted with Carrie Costantin or any other member of the United States Attorney's staff, which office is supervised by United States Attorney Richard Callahan?

2.     Are you acquainted with any other prosecutor, either federal or state?  If answer is in the affirmative, please ask:

       a.   Nature and history of relationship?

       b.   What is the regularity of contact?

       c.   Whether there was any discussion had regarding this case?

       d.    How does the relationship affect your approach to case?

1

3.      Is there anyone on the jury panel who is acquainted with any other judge, federal or state?  If answer is in the affirmative, please ask:

       a.      The name of the judge;

       b.      The court in which the judge presides;

       c.      How long have you known the judge;

       d.      How regular the contact;

       e.      How would the relationship affect your approach to this case.

## PRESUMPTION OF INNOCENCE

4.      Do members of the panel understand that a defendant is afforded the presumption of innocence under our system of justice?

5.      Do you understand that simply because the United States is a party to this case, as it is in every federal criminal case, it cannot be interpreted as an implication of guilt.  The defendant stands here today in the eyes of the law as an innocent defendant. He is presumed innocent and remains so until the Government can prove and each element of each and every crime again him beyond a reasonable doubt.  Do any of you have any hesitancy whatever in accepting that as the law?

6.      Do the members of the jury panel understand that an Indictment is merely a charge brought by the Government and it not evidence of guilt?

7.      Do you believe that because the United States Government brings a criminal charge against a defendant that a defendant is probably guilty of the charge?

8.      Does the fact that Jeffrey Greenwell has been indicted by a Grand Jury in this case lead you to conclude that he must have done something wrong or otherwise he would not be on trial?

9.      Do each of you personally presume that the defendant Jeffrey Greenwell innocent at this point.

## BURDEN OF PROOF

10.     Do you understand that the Government must prove a defendant guilty beyond a reasonable doubt, and that a defendant is presumed innocent throughout the trial?  In other words, do you take issue with the rule of law that a defendant must be proven guilty beyond a reasonable doubt, and that a mere suspicion or probability of guilt is not sufficient to convict?

11.     Do you understand that a defendant is not required to prove his innocence, and in, fact, need offer no evidence whatsoever?

12.     Do you understand that you are serving justice just as much by finding a defendant not guilty if you have reasonable doubt as to his guilty, as you are in finding him guilty if there is no reasonable doubt?

13.     Do you realize it is possible when you listen to the case as a whole that you might conclude that the defendant might not have committed the particular offenses charged?

14.     Will you agree not to make up your mind at any point of the trial before it is completely over, until the Defendant has rested his case and after the closing arguments and jury instructions?

15.     Do you understand that you cannot find this Defendant guilty only if you think he is guilty of some crime?  If it not enough to convict a defendant if you merely think he is engaged in some criminal conduct at some point.  Under your oath, you must be convinced beyond a reasonable doubt that the Government proved the particular

charge against the Defendant in this case and every element of that charge beyond a reasonable doubt before you can convict Defendant of anything.

Now, under our law, a defendant has no burden of proving himself innocent. The Government has the complete burden of proof. If I so instruct you, will you follow that legal instruction?

16.     Do you think the burden that the law places upon the prosecution, namely, to prove a defendant guilty beyond a reasonable doubt, is too great a burden?

17.     If you concluded that when a defendant did was something you believed to be wrong but that the conduct was not the crime charged would you be capable of disregarding your conclusions of wrongdoing and acquitting because the evidence did not prove the defendant guilty of the crime charged?

## RIGHT NOT TO TESTIFY

Every person who is accused of a crime has a right to require the Government to prove its case without his help. In other words, each defendant has a right under the United States Constitution to remain silent, not testify in his trial and not to introduce any evidence in his own behalf.

18.     Do you understand that if the Defendant in this case decides not to testify, you may not draw any inference whatsoever from that face?

19.     Do you think an innocent defendant is more likely to testify in his own defense than a guilty defendant?

20.     Would you consider it evidence of this Defendant's guilt if does not take the stand and testify in his own behalf?

21.    Is there anyone on the jury who would draw an unfavorable inference from the fact that the defendant would exercise his constitutional right not to testify?

## LAW ENFORCEMENT WITNESSES

It is anticipated that at least one or more of the Government witnesses in this case will be law enforcement officers.

22.    Have you, or has any member of your family, ever had any personal experiences with law enforcement, whether it be in a municipal, state or federal matter?

23.    Are you related to or friendly with any member of law enforcement?  If so, please state what that relationship is or the nature of the friendship, e.g., are you neighbors, social friends, etc.

24.    How many prospective jurors have ever worked for or been connected with city police, county sheriff's departments, highway patrol, or any other state or federal law enforcement agency, military or civilian?  To those prospective jurors giving affirmative responses, it is requested that the Court determine the identity of the agency, the nature of the position held, and the period which it was held.

25.    Do you have an opinion about law enforcement officers generally, either good or bad, so that you could not evaluate their testimony objectively?

26.    If the Court instructs you, with respect to the testimony of law enforcement officers that you are not to automatically assume that such testimony is truthful because the witness happens to be a police officer or a federal agent, will you be able to accept and follow the Court's instructions?

27.    If the Court further instructs you that such testimony of police officers and/or federal agents is to be evaluated by you as jurors just like the testimony of any

witness who is not a police officer, and evaluated by you using the same standards as non-police officer witnesses, will you be able to accept and follow that instruction as the law?

28.     Do you believe that simply because a witness is a law enforcement officer his or her testimony should be determined by you to more believable than any other witness?

## WITNESSES GENERALLY

29.     It is requested that the Court obtain from the Government a list of those witnesses whom the Government expects to call to testify, and read that list to the prospective jurors, asking any juror who recognizes the name of a witness indicate by raising his or her hand.  It is requested that the Court then inquire of those jurors who gave positive responses the following:

        a.     What is the nature of your relationship with that person?

        b.     Have you discussed anything about the case with this person?

        c.     Did you get the impression that this witness had any personal interest in this outcome of this case?

        d.     Would your relationship with this witness cause you to weigh his or her testimony any differently because of that relationship?

In other words, do you believe that you will be able to evaluate whether or not someone was telling the truth, and in so doing, take in consideration what they may have to lose or gain by their testimony?

30.     Do any of you feel that a witness is more believable because he is testifying on the Government's side of the case.

## ATTITUDE ABOUT CHILD PORNOGRPAHY OR PRODUCTION OF CHILD PORNOGRAPHY

Many persons in our society have had a personal experience with child pornography or production of child pornography that has left them with a strong emotional feeling about the subject in general.

31.     Would you raise your indicate by raising your hand if you or any member of your immediate family have had such an experience with child pornography or production of child pornography which has affected you?

32.     If so, is it the kind of experience which would affect you to the extent that you feel you could not sit on this jury and give this Defendant, who is charged with production of child pornography, a fair trial?

33.     What was that experience?  Ask those jurors who so indicate out of the presence of other prospective jurors.

34.     There will be minor witnesses who will be testifying in this case, is there any member of the panel who is a teacher, a child care worker or health care worker, who has had exposure to children who have been the subject of child pornography or production of child pornography?  If any answer is in the affirmative, please ask the following questions:

        a.     Was there a crime or suspected crime committed?

        b.     The nature of the crime or suspected crime?

        c.     What proceedings, if any, followed?

        d.     Were you a witness at such proceeding.

      e.      Would your experience affect your ability to render a judgment in this case.

35.      Is there any member of the panel who, although may not have had any personal contact or association with child pornography or production of child pornography, is so offended by even the subject matter that he or she would not be able to render a fair and impartial verdict to this Defendant.

36.      During the course of the trial, the jury will view certain graphic images of child pornography – is there any member of the panel who could or would not be able to view the images and render a fair and impartial verdict to this Defendant.

## VICTIM OF A CRIME

37.      Have you or any member of your family or close personal friend ever been or thought you were the victim of any crime?  If the answer is in the affirmative, please ask each juror so responding to state:

      a.      When and where the crime or suspected crime was committed?

      b.      The nature of the crime or suspected crime?

      c.      What proceedings, if any, followed?

## PRIOR CONTACT WITH LEGAL SYSTEM

38.      Have you ever been a witness in any kind of legal proceeding, civil or criminal?  To those giving affirmative responses, it is requested that they be asked to briefly describe the nature of the proceeding and the effect, if any, such would have on their ability to sit as a juror.

39.      Have any of you had an occasion to make a complaint to a law enforcement agency, accusing anyone of committing a crime?

To those giving affirmative responses, it is requested that the Court ask the nature of the complaint made, when made, and the outcome of making the complaint?

40.     Have you previously served as a juror on any civil or criminal case?

To those giving affirmative responses, it requested the Court ask the following questions:

        a.     Was that experience in a state or federal court?

        b.     Describe the type of criminal cases, if any, you recall?

41.     How many of you feel that your prior jury experience would affect you in your service as a juror in this case?

To those who give affirmative responses, it is requested that each juror respond by how he or she would be affected.

42.     How many of you have ever served on a jury that was unable to agree on a verdict?  To those who give affirmative responses, it is requested the following questions be asked:

        a.     What did you feel about your obligation to make your own determination as an individual juror?

        b.     Is there anything about that prior experience that would cause you any difficulty in being a fair and impartial juror in this case?

43.     Has any member ever served on a Grand Jury?

44.     Would that experience cause any difficulty in properly serving on this case?

**GENERAL QUESTIONS**

45.    Is there anyone who thinks he or she has heard about this case from any newspaper, radio, television or on the internet?  If in the affirmative, please ask each to describe the nature and extent of knowledge.

46.    Is there anyone who thinks the law leans too far in favor of defendants?

47.    Does anyone feel it would be unacceptable to vote "not guilty" or think "not guilty" after a trial?

48.    Do any members of the jury panel know one another?  If so, in what capacity.  If answered in the affirmative, please ask the jurors:

If you are both selected to be on the jury, would you be able to reach your own conclusion about the guilt or innocence of the defendant without being influenced by the opinion of your acquaintance?

49.    Is there anyone who has any personal problems which would preclude them from sitting during the trial, e.g., child care, adult care or any other obligation?

50.    Does any juror have any difficulty with his or her hearing?

51.    Would any of you prefer, for any reason, not to sit on this case?

52.    If the choice were yours, would you select yourself as a juror in this case.

Respectfully submitted,

/S/ *JoANN TROG*
JoANN TROG Bar Number: 18905
Attorney for Defendant
121 West Adams
St. Louis, Missouri 63122
Telephone:  (314) 821-1111
Fax:  (314) 821-9798
E-Mail:  Jtrogmwb@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of June, 2011, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Carrie Costantin, Assistant United States Attorneys, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102.
            .

/S/ *JoANN TROG*