UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:09 CR 757 CAS |
| ) | |
| JEFFREY GREENWELL, ) | |
| ) | |
| Defendant. ) | |

# **DEFENDANT GREENWELL'S MOTION *IN LIMINE***

Comes now defendant JEFFREY GREENWLL, by and through counsel, and for his Motion *in Limine*, states as follows:

1. Defendant requests the Court to exclude any and all evidence relating to the below-set forth matters and further, to instruct its witnesses while testifying not to discuss in any way any matters relating, either directly or indirectly, to:

a. Allegations, investigation and statements regarding the alleged impropriate conduct between Defendant and his brother, Steven Greenwell;

b. Allegations, investigation and statements regarding the alleged impropriate conduct between Defendant and his cousin, Nathaniel Weeks;

c. Allegations, investigation and statements made by the minor AN (brother of proposed Witness BN) to minor TD relating to the actions of Defendant;

d. Allegations and investigation of the death of Daniel Tassie;

e. Forensic Evaluation of Defendant performed by Jerome Dwyer, Ph.D., Forensic Psychologist, whose report is dated August 10, 2010;

f. Any and all matters related to that certain Arrest Warrant issued by Associate Judge Hoven of the Circuit Court of Franklin County, Missouri, which resulted in Defendant's arrest

1

for Child Molestation in Franklin County, Missouri  the First Degree on October 23, 2009.

    g. Any and all matters related to the small claims lawsuit styled *Jeffrey A. Greenwell, by and through his attorney-in-fact, Lois Morgan v. Carl Pritchett*, in the Circuit Court of Franklin County, Missouri, being Numbered 09AB-SC00204, seeking the return of certain items of property of Defendant at 72 Osage Drive, Sullivan, Missouri.

 2. The foregoing evidence should be excluded because:

    a. The evidence is of no relevance to the case at bar;

    b. The evidence is highly prejudicial and constitutions proof of other crimes, wrongs, or acts; and

    c. The probative value, if any, of such evidence is greatly outweighed by its prejudicial impact in front of a jury.

 3. District courts have broad discretion to assess admissibility of evidence based on unfair prejudice, and are reversed only for an abuse of discretion. *United States v. Myers*, 503 F.3d 676 (8th Cir. 2007).  Pursuant to Fed.R.Evid. 403, the Court may exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Unfair prejudice "speaks to the capacity of some concededly relevant evidence to lure the fact-finder into declaring guilt on a ground different from proof specific to the offense charged." *United States v. Payne*, 119 F.3d 637, 645 (8th Cir. 1997).

 WHJEREFORE, for the foregoing reasons, it is requested that the Government be instructed to exclude any and all evidence relating to the below-set forth matters and further, to instruct its witnesses while testifying not to discuss in any way any matters relating, either directly or indirectly, to:

    a. Allegations, investigation and statements regarding the alleged impropriate conduct between Defendant and his brother, Steven Greenwell,

    b. Allegations, investigation and statements regarding the alleged inappropriate conduct between Defendant and his cousin, Nathaniel Weeks,

    c. Allegations, investigation and statements made by the minor AN (brother of proposed Witness BN) to minor TD relating to the actions of Defendant,

    d. Allegations and investigation of the death of Daniel Tassie,

    e. Forensic Evaluation of Defendant performed by Jerome Dwyer, Ph.D., Forensic Psychologist, whose report is dated August 10, 2010,

    f. Any and all matters related to that certain Arrest Warrant issued by Associate Judge Hoven of the Circuit Court of Franklin County, Missouri, which resulted in Defendant's arrest for Child Molestation in the First Degree in Franklin County, Missouri, on October 23, 2009, and

    g. Any and all matters related to the small claims lawsuit styled *Jeffrey A. Greenwell, by and through his attorney-in-fact, Lois Morgan v. Carl Pritchett*, in the Circuit Court of Franklin County, Missouri, being Numbered 09AB-SC00204, seeking the return of certain items of property of Defendant at 72 Osage Drive, Sullivan, Missouri;

and for such other and further Orders as the Court deems proper in the premises.

          Respectfully submitted,

          /S/  **JoANN TROG**
          JoANN TROG    #18905
          Attorney for Defendant
          121 West Adams
          St. Louis, Missouri 63122
          Telephone:  (314) 821-1111
          Fax:  (314) 821-9798
          E-Mail: Jtrogmwb@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of June, 2011, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Carrie Costantin, Assistant United States Attorney, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102.

/S/ *JoANN TROG*