UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. S2-4:09 CR 757 CAS |
| | ) | |
| JEFFREY GREENWELL, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE**

COMES NOW the United States of America, by and through the United States Attorney for the Eastern District of Missouri, Richard G. Callahan, and Carrie Costantin, Assistant United States Attorney for said district, and files its Response to Defendant's Motion in Limine.

Defendant requests that the Court exclude any and all evidence in seven areas. This Response addresses each separately.

      A.    <u>Molestation of Steven Greenwell</u>

Defendant requests the exclusion of all evidence related to defendant's molestation of his brother Steven Greenwell. The Government intends to introduce defendant's statement to the Franklin County Sheriff's Department and the Federal Bureau of Investigation. The agents were investigating defendant as part of a ring of individuals who produced and traded child pornography. They had identified one of defendant's victims, BE. In the interview, the agents asked defendant if he had sexually touched any children. Defendant admitted that he had sexually touched BE, his brother Steven Greenwell (when he was a minor), NW and KA. BE

1

and KA are victims charged in the indictment.

The Government intends to introduce defendant's statements in the entire interview to give context and meaning to the interview.  The Government does not intend to introduce any other evidence of defendant's molestation of Steven Greenwell.

        B.     <u>Molestation of NW</u>

Defendant requests the exclusion of all evidence related to defendant's molestation of NW.  As stated above, the Government intends to introduce defendant's statement to law enforcement that he molested NW, Steven Greenwell, KA and BE.  These statements give context to the interview.

The Government does not intend to introduce evidence that NW stated that defendant repeatedly molested him when he was seven to nine years old.

        C.     <u>Statements by AN</u>

The Government does not intend to introduce statements of AN.

        D.     <u>Investigation of death of Daniel Tassie</u>

Defendant requests the exclusion of any allegations and investigation of the death of Daniel Tassie.  The Government intends to introduce defendant's statement into evidence. Defendant told law enforcement that he had traded child pornography with Daniel Tassie.  He stated that Daniel Tassie was molesting a boy and sending defendant videos of the molestation. Defendant would then create an introduction to the child pornography videos and send them back to Tassie.  Defendant told the agents that Tassie had possibly committed suicide.  These statements give meaning to defendant's interview.  The agents were questioning defendant about his role in creating and trading child pornography.  Defendant's statements about Tassie are part

of his response to their inquiries.

New Hampshire police investigated Tassie for molestation prior to the arrest of the defendant.  Tassie killed himself as the investigation began in New Hampshire.  The Government does not intend to introduce any evidence about Tassie apart from defendant's statements concerning his contact and knowledge of Tassie.

      E.      <u>Forensic Evaluation of Defendant by Dr. Dwyer</u>

The Government does not intend to introduce evidence of the evaluation.

      F.      <u>Defendant's Franklin County Child Molestation Warrant</u>

Defendant seeks to exclude all evidence related to the Franklin County Circuit Court arrest warrant issued for the defendant for Child Molestation in the First Degree.

The search warrant was executed on defendant's residence on October 23, 2009.  Defendant was arrested just before the search warrant on the state charges.  He was questioned by the Franklin County Sheriff's Department and FBI the same day.

The Government intends to introduce evidence that defendant was arrested just before the search warrant and that he was in custody and advised of his Miranda rights before he was questioned.  This provides the context of the investigation.  The Government does not intend to introduce evidence of the actual charge or source of the charge.  Any possible prejudicial effect will be eliminated by the exclusion of the actual charge.

      G.      <u>All Evidence Related to Small Claims Lawsuit</u>

The Government does not intend to introduce evidence related to the small claims lawsuit.

3

Respectfully submitted,
RICHARD G. CALLAHAN
United States Attorney


 s/ Carrie Costantin
CARRIE A. COSTANTIN 54734
Assistant United States Attorney
111 S. 10th  Street, Room 20.333
St. Louis, Missouri  63102
(314) 539-2200


CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2011, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:


Ms. JoAnn Trog
121 West Adams
St. Louis, MO 63122

s/*Carrie Costantin*
CARRIE COSTANTIN  54734
Assistant United States Attorney

4