UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                            )<br>        Plaintiff,                             )<br>                                                            )<br>v.                                                       )<br>                                                            )   No.  4:09 CR 757 CAS<br>JEFFREY GREENWELL,                 )<br>                                                            )<br>                                                            )<br>        Defendant.                         )   | |

### GOVERNMENT'S TRIAL BRIEF

COMES NOW the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Carrie Costantin, Assistant United States Attorney for said District, and submits the following trial brief.

I.      Overview of the Facts

In September 2009, the Federal Bureau of Investigation informed the Franklin County Sheriff's Department that an investigation of a members-only child pornography message board known as "Lost Boy" or "LB" had determined that an individual in Sullivan, Missouri had been producing child pornography.  Defendant was identified through the I.P. address he used to communicate with other members of the group.

The FBI provided child pornography images of a minor male that allegedly had been produced by defendant.  Lt. Charles Subke of the Franklin County Sheriff's Department and FBI Special Agent Michael Maruschak showed photographs of the minor male to area principals in an effort to identify the child.  Two principals identified the child as BE, a fourth grade student.

BE was interviewed and indicated that defendant had touched his genitals and taken

1

photographs of his genitals. A search warrant was obtained for defendant's residence on October 23, 2009. The search warrant was executed the same day. Items seized from the residence included a Dell laptop computer, a Gateway desktop computer, a Sony Handycam HDR-CX7, a Nikon D50 camera, a Casio digital camera, a safe and a vibrator. A second search warrant was obtained authorizing the search of the two computers and Nikon camera on site. The next day, Carl Pritchett, defendant's landlord, gave the Franklin County Sheriff's Department another Casio digital camera that he had found in defendant's residence wrapped in clothing. Later, a third search warrant was obtained authorizing the search of that camera and the remaining items seized pursuant to the original search warrant.

Shortly before the search warrant was executed on October 23, 2009, defendant was arrested on state charges of Child Molestation in the First Degree. A LG cell phone was seized from him. He was taken to the Franklin County Sheriff's Department. He was advised in writing of his *Miranda* rights. He waived his rights and agreed to speak with Lt. Subke and Agent Maruschak.

Defendant admitted that he had touched BE's penis and had taken videos of BE's genitals. He stated that he had encrypted his hard drives. He stated that he had made "Scooby Doo" introductions to several child pornography videos that he had received from other individuals. Those individuals had produced the child pornography videos. He stated that he preferred boys between the ages of eight and twelve. Defendant stated that he had touched the genitals of NW, another minor male. He stated that he was the monitor of the IRC trading channel for the Undernet channel known as "aLL bois." He stated that he used the screen name of "Muddyfeet" and traded child pornography with others. He stated that he took photographs of

KA's genitals, another minor male, with his Casio camera.

A forensic examination of defendant's Gateway computer found that it contained child pornography images of BE, SJ, KA, BK, KS and others, all minor males. The victims in the charged counts are BE, SJ, KA, BK, and KS. Some of the images depicted defendant engaged in sex acts with the children. A forensic examination of defendant's Dell computer found it also contained child pornography images of the victims. An examination of the media card from defendant's Sony Handycam HDR-CX7 found that it contained images of KA being sexually penetrated by an object. An examination of defendant's LG cell phone found that it contained images of defendant engaged in a sex act with KA.

Chats recovered from defendant's computers contain defendant's statements to others that he had taken photographs of BE's genitals, engaged in sex acts with BE, engaged in sex acts with KA, and that he needed to get another four year old because KS was unavailable so he needed to replace him.

KA was interviewed and stated that defendant had engaged in sex acts with him and had photographed those acts. BK stated that defendant had taken nude photographs of him.

The Sony, Nikon and Casio cameras were all manufactured outside of Missouri.

II.     Legal Issues

A.     Elements of the Offense of Production of Child Pornography

The Indictment charges defendant with five counts of Production of Child Pornography in violation of Title 18, United States Code, Section 2251. The essential elements of a violation of Title 18, United States Code, Section 2251 are that (1) the victim was under the age of eighteen years; (2) the defendant knowingly employed, used, persuaded, induced, enticed or

coerced the victim to engage in sexually explicit conduct; (3) the defendant acted with the purpose of producing a visual depiction of such conduct; and (4) the visual depiction was produced using materials which had been mailed or shipped or transported in interstate or foreign commerce.

    B.   <u>Definitions</u>

"Sexually explicit conduct" is defined as actual or simulated (i) sexual intercourse, including genital-genital, anal-genital, oral-genital, oral-anal, whether between persons of the same or opposite sex, (ii) bestiality, (iii) masturbation, (iv) sadistic or masochistic abuse, or (v) lascivious exhibition of the genitals or pubic area of any person. Title 18, United States Code, Section 2256(2)(A).

Defendant is charged with Production of Child Pornography for images created using digital cameras manufactured outside of Missouri. Three cameras–a Nikon, Sony, and Casio–were seized from defendant's residence. In addition, defendant's landlord gave police another Casio camera that he had found in defendant's residence after the search warrant was executed. The images were taken with these cameras.

The definition of "sexually explicit conduct" includes the "lascivious exhibition of the genitals or pubic area of any person." Title 18, United States Code, Section 2256(2)(A)(v). The Eighth Circuit Court of Appeals held that "when the child is nude or partially clothed, when the focus of the depiction is the child's genitals or pubic area, and when the image is intended to elicit a sexual response in the viewer, the depiction is lascivious." *United States v. Horn*, 187 F.3d 781, 789 (8th Cir. 1999). Other factors include a sexually suggestive setting, inappropriate attire or unnatural pose for a child, and a suggestion of sexual coyness or willingness to engage

in sexual behavior. These factors are not exhaustive. *Id.*

The Eighth Circuit Model Pattern Instruction 6.18.2252A(B) Lascivious - Explained states:

> Whether a visual depiction of the genitals or pubic area constitutes a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as (1) whether the focal point of the picture is on the minor's genitals or pubic area; (2) whether the setting of the picture is sexually suggestive, that is, in a place or pose generally associated with sexual activity; (3) whether the minor is depicted in an unnatural pose or in inappropriate attire, considering the age of the minor; (4) whether the minor is fully or partially clothed, or nude; (5) whether the picture suggests sexual coyness or a willingness to engage in sexual activity; (6) whether the picture is intended or designed to elicit a sexual response in the viewer; (7) whether the picture portrays the minor as a sexual object; and (8) the caption(s) on the picture(s).
> It is for you to decide the weight or lack of weight to be given to any of these factors. A picture need not involve all of these factors to constitute a lascivious exhibition of the genitals or pubic area.

The instructions are based on the widely-cited case of *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), *aff'd sub. nom. United States v. Wiegand*, 812 F.2d 1239, 1244 (9th Cir. 1987) with additional factors noted in *United States v. Arvin*, 900 F.2d 1385 (9th Cir. 1990) and *Horn*.

C. Federal Jurisdiction

The jurisdictional basis for prosecution of child pornography based upon the materials being transported in interstate commerce has been approved. *United States v. Betcher,* 534 F.3d 820 (8th Cir. 2008); *United States v. Mugan,* 394 F.3d 1016 (8th Cir. 2005); *United States v. Hampton*, 260 F.3d 832 (8th Cir. 2001); *United States v. Hoggard*, 254 F.3d 744, 746 (8th Cir. 2001); *United States v. Bausch*, 140 F.3d 739, 741 (8th Cir. 1998). Evidence will show that the Nikon camera, the Casio cameras and the Sony Handycam used to produce the child pornography images had traveled in interstate commerce.

5

III. <u>Evidentiary Issues</u>

A. <u>Business Records</u>

The Government intends to introduce business records from Nikon, Casio and Sony. The Government has previously filed a Notice of Intent to Use Custodian of Records Affidavits pursuant to Rule 803(6) and 902(11) of the Federal Rules of Evidence. Defense counsel has been provided with copies of the records.

Rule 803(6) of the Federal Rules of Evidence provides that records of regularly conducted activity may be admitted by certification that complies with Rule 902(11). Rule 902(11) requires that the party intending to offer the record must provide written notice and must make the record and declaration available for inspection. The Government has complied with these requirements and intends to introduce these records at trial. These records establish that Nikon, Sony, and Casio cameras were manufactured outside Missouri and therefore traveled in interstate commerce.

B. <u>Manufacturing Labels</u>

The Government intends to introduce into evidence the Dell computer, the Gateway computer, and the cameras. All bear tags that they were manufactured outside of the United States. The admission of manufacturing tags to establish that an item traveled in interstate commerce has been affirmed. *United States v. Koch,* 625 F.3d 470, 480 (8th Cir. 2010); *United States v. Henry,* 403 Fed. Appx. 137 (8th Cir. 2010); *cert. denied,* 2011 WL 1740692 (June 6, 2011); *United States v. Fox*, 357 Fed. Appx. 64, (9th Cir. 2009); *United States v. Koegel,* 2011 WL 1441851 (E.D. Va. April 11, 2011).

    C.    <u>Rule 414 Evidence</u>

The Government has previously filed a Notice of Intent to Introduce Evidence Pursuant to Rule 414. The Notice concerned evidence that defendant produced child pornography involving BN. The Government hereby withdraws that Notice and states that it does not intend to introduce evidence that defendant molested and photographed BN.

                                        Respectfully submitted:
                                        RICHARD G. CALLAHAN
                                        United States Attorney

                                        s/Carrie Costantin
                                        CARRIE COSTANTIN 54734
                                        Assistant United States Attorney
                                        111 S. 10th Street, Room 20.333
                                        St. Louis, Missouri 63102
                                        (314) 539-2200
                                        (314) 539-2309 FAX

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2011, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

    Ms. JoAnn Trog
    121 West Adams
    St. Louis, MO 63122

                                        s/*Carrie Costantin*
                                        CARRIE COSTANTIN  54734
                                        Assistant United States Attorney