```
 1                       UNITED STATES OF AMERICA
                        EASTERN DISTRICT OF MISSOURI
 2                            EASTERN DIVISION

 3    UNITED STATES OF AMERICA,        )
                                       )
 4            Plaintiff,                )
                                       )
 5       vs.                           )  No. 4:09-CR-757 CAS
                                       )
 6    JEFFREY GREENWELL,               )
                                       )
 7            Defendant.                )

 8
                     TRANSCRIPT OF SENTENCING HEARING
 9
                   BEFORE THE HONORABLE CHARLES A. SHAW
10                      UNITED STATES DISTRICT JUDGE

11                           October 5, 2011

12
      APPEARANCES:
13
      For Plaintiff:       Ms. Carrie Costantin
14                         OFFICE OF U.S. ATTORNEY
                           111 South 10th Street
15                         20th Floor
                           St. Louis, MO  63102
16
      For Defendant:       Ms. JoAnn Trog
17                         MENEES WHITNEY BURNET & TROG
                           121 West Adams
18                         St. Louis, MO  63122

19


20
      REPORTED BY:         SUSAN R. MORAN, RMR
21                         Official Court Reporter
                           111 South 10th Street
22                         St. Louis, MO  63102
                           (314) 244-7983
23

24    Proceedings recorded by mechanical stenography, produced by
      computer-aided transcription.
25
```

1          (The following proceedings were held in open court
2    on October 5, 2011 at 2 p.m.:)
3          THE COURT:  This is United States of America versus
4    Jeffrey Greenwell.  Representing the United States is
5    Assistant United States Attorney Carrie Costantin.  And
6    representing Mr. Greenwell is Attorney JoAnn Trog.
7          Well, I have already read the letters from the
8    victims, and they are quite moving, as you have read them
9    also, Ms. Trog and Mr. Greenwell.  So what, if anything, do
10   you wish to say -- well, are there any objections?  You still
11   have objections to the Presentence Investigation Report?
12         MS. TROG:  Your Honor, for the record we would
13   formally withdraw objections to paragraph 20 on page 7 and
14   paragraph 25 on page 8.  Ms. Costantin and I had talked about
15   that this morning, and I just move to formally withdraw those
16   objections.
17         THE COURT:  Very well.
18         MS. TROG:  The objection, Your Honor, with regards
19   to the construction of the Guidelines we stand on.  However,
20   Your Honor, I know as you well know the Guidelines are what
21   they are.  But for the record I object to their calculations.
22   And I don't intend to go into any more than what's previously
23   been going on in the memorandum that was filed with the
24   Court.
25         THE COURT:  Anything you wish to say, Ms. Costantin?

1    MS. COSTANTIN: Judge, no. I would just ask that
2 you overrule her objection. As Ms. Trog said, they are what
3 they are.
4    THE COURT: Well, that's basically it. I'm going to
5 overrule them. The Guidelines are the Guidelines. And the
6 Sentencing Commission sets them, and they are for the Court's
7 use as well as the parties in terms of a starting point in
8 this case. In any case, so they are overruled.
9    Anything you wish to say, Ms. Trog, before sentence
10 is imposed?
11    MS. TROG: If I may, Your Honor. Your Honor, this
12 is an extremely difficult case. It's an extremely difficult
13 case I believe for the Court, for the government, for the
14 victims who are here present, and for my client,
15 Mr. Greenwell. He has admitted his wrongdoing. He committed
16 some horrible acts. But he has admitted his acts and
17 responsibility. He spared these young boys and their
18 families from having to testify at a trial before this court.
19 Because he said to me sitting on that counsel table, "It
20 would not be right," and he did what he said he did.
21    Now, the difficulty comes to this court in factoring
22 out a sentence for Mr. Greenwell. For one man who stands to
23 my right, it is the rest of his life that is in question
24 today. It's very difficult, Your Honor, to condone what he
25 did because I can't, and Mr. Greenwell can't condone what he

1   did.  What he did was wrong.  It was horribly wrong.

2           But, Your Honor, we believe that the factors that

3   are listed in 3553(a) when we look at each of those factors

4   comes out to a man who has absolutely no prior criminal

5   history.  Before this came to light he was steadily employed.

6           He too, has a family, Your Honor.  And I know Your

7   Honor has read those letters that his mother, his brother,

8   his grandparents, and a family friend wrote.  And it's

9   almost, Your Honor, we have two people, if you look at those

10  two sets of letters.  But what we have here is a human being,

11  a man who is flawed.  We're all flawed.  And, yes, this court

12  must craft out a sentence for him.  But the sentence

13  according to the Guidelines would be life imprisonment.  That

14  is -- that's unbelievable to me, Your Honor.  Now, for every

15  inequity of sentencing that I can quote to you, Ms. Costantin

16  can quote one back to me.  So that doesn't do any good.

17          What we're asking this court in its wisdom is to

18  look at Mr. Greenwell, the man, to take in consideration what

19  he has done, to allow him to receive the treatment that he

20  sorely needs, Your Honor.  That's why Mr. Brown's report was

21  included.  And it wasn't particularly a pleasing report.  But

22  what I wanted this court to see is that this is a man who

23  needs some help.  And surely one of the factors in 3553 is to

24  provide him some medical help.  And that is what he needs.

25  He needs some -- I believe he needs a psychiatric evaluation,

1   Your Honor.  We know about the dental difficulties that need
2   to be attended to.
3           But let's not throw away the key.  Let's not just
4   toss him aside.  Let's make him come back to the community as
5   a productive member of the community.
6           Now, we all know what his restraints are going to be
7   when he comes out.  He's going to be on monitoring.  He's not
8   going to have access to the computer, to be around minor
9   children.
10          THE COURT:  Ms. Trog.
11          MS. TROG:  Yes.
12          THE COURT:  The Guidelines call for or at least the
13  statute is 15 to 30 years.
14          MS. TROG:  Yes, sir.
15          THE COURT:  Now, if he got five 15 years, when is he
16  going to come out to be a useful citizen?
17          MS. TROG:  Well, I haven't gotten to the point to
18  ask for it to be concurrent, Your Honor.
19          THE COURT:  Oh, well.  Go ahead.
20          MS. TROG:  I can understand where this court is
21  coming from, but we're still dealing with a real person here,
22  Your Honor, who has committed wrongs.  Yes, he needs
23  treatment.  Why not put him in a noncustodial setting for
24  treatment?  What earthly good does it do to just throw away
25  the key and the government continue to pay money?

1       Let's get this man the ability to come back out and
2  to do something positive, to be a positive member of the
3  community.  Who knows who he may be able to help, Your Honor.
4       Now, Your Honor is very correct in what the
5  Guidelines are saying, but I would ask this court for its
6  consideration of a term of 20 years per count to run
7  concurrent.  And I would ask, Your Honor, in that vein that
8  he would -- that this court would recommend that he be placed
9  in a facility as close as possible to his home here in
10 Central Missouri, that he be assigned to a medical facility
11 for the extraction of his teeth.  That this court would
12 recommend that he participate in the residential sex offender
13 treatment program within the BOP and any other program that
14 the BOP finds that he's eligible and qualifies for.  We would
15 ask this court in acknowledgment of the Presentence Report,
16 Mr. Greenwell has no assets, he's been confined since
17 February of '09, that the Court would waive the fine in this
18 matter.
19      We acknowledge the fact that there is due a $500
20 special assessment, moneys that are to be made forthwith.  We
21 would just ask the Court to consider Mr. Greenwell as a human
22 being, sir.  And we leave it to the Court's judgment.  Thank
23 you.
24           THE COURT:  Very well.  Anything you wish to say,
25 Mr. Greenwell, before sentence is imposed?

1              THE DEFENDANT:  Yes, Your Honor.  I would like to
2     say, first of all, I'm very sorry for what I did.  I had
3     issues as a young age, as a young man, and I did not deal
4     with those issues.  And there's a saying I was brought up
5     with in my whole life that said, "An ounce of prevention is
6     worth a pound of cure."  And I have a problem, Your Honor,
7     and I did deal with that problem in an earlier age.  I sought
8     help from the wrong places from the wrong people, and I hung
9     around some bad influences and made some very bad decisions.
10             I'm fully aware of what I did was wrong and that is
11    why I stood here three months ago and I pled guilty to the
12    charges I was charged with.  And I too let Your Honor know I
13    am a good person, I have good values, and I've been a
14    productive citizen in my life.  And I know that I can be
15    again.  And I've fully taken responsibility for what I did.
16    I do want to participate in any programs I have to
17    participate in to receive the treatment I need to become a
18    citizen to the community, that the community would want me to
19    be.
20             And I've spent 21 months in the county jail, Your
21    Honor, thinking and feeling bad for what I've done.  And I
22    wish I could change it.  I wish I could go back and never
23    made these mistakes.  But if we didn't make mistakes, Your
24    Honor, we wouldn't be human.  And I've made some big ones and
25    this is the biggest mistake I've ever made in my life.  But I

```
 1    do know that I can change.  And I just pray that your
 2    sentence will allow me that change.  Thank you.
 3             THE COURT:  Very well.  Anything you wish to say,
 4    Ms. Costantin?
 5             MS. COSTANTIN:  Yes, Your Honor, briefly.  Your
 6    Honor, you've seen a lot of cases.  You've seen a lot of
 7    sexual abuse cases, a lot of child pornography cases.  And
 8    we've discussed often the overuse of the word "predator," how
 9    it's thrown around in the media.  But, Your Honor, the
10    defendant is a predator.  He sought out women with -- single
11    women with children.  He sought them out on the Internet and
12    at work.  He befriended them.  He dated them.  He got them to
13    trust him with their children, and then he molested those
14    children.  He fondled their genitals.  Anal sex with one
15    child.  Oral sex with others.  He photographed that.  And
16    then he traded those photographs with other pedophiles of the
17    Lost Boys Pedophile Group.
18             In the scheme of sex offenders, it really doesn't
19    get much worse than this; multiple victims and trading images
20    of their abuse around the Internet.  The Guidelines call for
21    life imprisonment, but set aside the Guidelines.  I mean,
22    what's the appropriate sentence not even considering the
23    Guidelines with someone like this?  It's to keep him away
24    from society, away from children forever to make sure that
25    he'll never get out.  Now, you can impose a term of life, but
```

1   I ask you to impose consecutive sentences that in effect give
2   life.  And the consecutive sentences are because each of
3   these children has suffered a separate harm.  And he needs to
4   be punished separately for each of these.
5           So I do ask you, Your Honor, to impose a sentence
6   that would in effect be life.
7           THE COURT:  Very well.  Mr. Greenwell, you as well
8   as your attorney, Ms. Trog, say you are a good person.  You
9   may be a good person in some ways, but you are a very bad
10  person in others, an extremely bad person.  You have taken
11  advantage of some of the most vulnerable people that exist,
12  children.  You've shattered their lives.  If you're going to
13  be a useful citizen, you're going to have to be a useful
14  citizen in the penitentiary, because you're going to be there
15  for the rest of your life, and that's just the way that is.
16          Now, you can get this medical treatment and this
17  other treatment, but unfortunately that's the way it's going
18  to have to be.  The Court is going to sentence you to 20
19  years on each of the counts, they are going to be
20  consecutive, and that's going to come out to 1,200 months.
21  So that's five times 20, that's 100 years I guess.  Five
22  times 20, is that what it is?  So consecutive.
23          I don't even know why we're going to talk about
24  supervised release.  Please.  We've got all these conditions.
25  Seventeen conditions.  For what?  Why am I reading these 17

1   conditions?  But in any event.  I'll tell you what, the Court
2   will recommend that you participate in the sex offender
3   treatment and counseling program if that's consistent with
4   the Bureau of Prisons policy.  The Court will also recommend
5   that you have an opportunity to receive medical treatment for
6   your dental problems.
7            MS. COSTANTIN:  Judge, we have to do a five-year
8   supervised release, but I have no objection to you not going
9   through all those conditions since it's really meaningless.
10           MS. TROG:  Your Honor, we don't need to hear them
11  either.
12           THE COURT:  You'll be on supervision.  The Court is
13  going to make that a lifetime supervision.  And you'll have
14  all the standard conditions as well as others.  Do either of
15  you -- you say you don't have to hear all these 17
16  conditions, Ms. Trog?
17           MS. TROG:  I would waive that on behalf of
18  Mr. Greenwell, Your Honor, for the record.
19           THE COURT:  Very well.  The Court finds that you do
20  not have to pay a fine.  But you are ordered to pay the
21  mandatory special assessment of $100 on each of the five
22  counts for a total of $500, and that will be due immediately.
23  Is there anything else?
24           The Court will recommend that you -- after you
25  receive your treatment and dental care that you be placed in

1   an institution as close as possible to your home.  Anything
2   else, Ms. Trog?
3           MS. TROG:  For the record, Your Honor, I would
4   object for purposes of appeal.
5           THE COURT:  Object to the sentence?
6           MS. TROG:  Yes, Your Honor.
7           THE COURT:  Very well.
8           MS. COSTANTIN:  Nothing further on behalf of the
9   government, Your Honor.
10          THE COURT:  Very well.
11          MS. TROG:  Thank you, Judge.
12          THE COURT:  Thank you.
13          (Court in recess at 2:16 p.m.)

```
1                       C E R T I F I C A T E
2              I, Susan R. Moran, Registered Merit Reporter, in
3      and for the United States District Court for the Eastern
4      District of Missouri, do hereby certify that I was present
5      at and reported in machine shorthand the proceedings in the
6      above-mentioned court; and that the foregoing transcript is
7      a true, correct, and complete transcript of my stenographic
8      notes.
9              I further certify that I am not attorney for, nor
10     employed by, nor related to any of the parties or attorneys
11     in this action, nor financially interested in the action.
12             I further certify that this transcript contains
13     pages 1 - 12 and that this reporter takes no responsibility
14     for missing or damaged pages of this transcript when same
15     transcript is copied by any party other than this reporter.
16             IN WITNESS WHEREOF, I have hereunto set my hand
17     at St. Louis, Missouri, this 4th day of November, 2011.
18
19                              _____
                                /s/ Susan R. Moran
20                              Registered Merit Reporter
21
22
23
24
25
```