# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-3280
_____

United States of America

*Plaintiff - Appellee*

v.

Jeffrey Greenwell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 16, 2012
Filed: August 8, 2012
[Unpublished]

_____

Before MELLOY, ARNOLD, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

    Jeffrey Greenwell pled guilty to five counts of production of child pornography, violations of 18 U.S.C. § 2251, and was sentenced to five twenty-year terms of imprisonment running consecutively, a sentence below his advisory

sentencing guidelines range.¹  He now appeals his sentence, contending that the district court² procedurally erred by not considering the factors set out in 18 U.S.C. § 3553(a) and imposed a substantively unreasonable sentence.  We affirm.

Failure to consider the § 3553(a) factors is a reviewable procedural error.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Greenwell argues that, because the district court did not discuss the § 3553(a) factors expressly at sentencing, it is clear that it did not consider these factors.  However, "we presume that 'district judges know the law and understand their obligation to consider all the § 3553(a) factors,'" *United States v. Gray*, 533 F.3d 942, 943 (8th Cir. 2008) (quoting *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc)), and we review the entire sentencing record, "not merely the district court's statements at the hearing," *United States v. Robinson*, 516 F.3d 716, 718 (8th Cir. 2008).  The sentencing record shows that the district court had at its disposal Greenwell's and the Government's sentencing memoranda, the presentence investigation report (PSR), objections to the PSR, and letters submitted on behalf of Greenwell.  These documents amply address the § 3553(a) factors that Greenwell argues the district court failed to consider, and we presume that the district court considered those factors.  *See United States v. Battiest*, 553 F.3d 1132, 1136 (8th Cir. 2009) (holding a sentencing record showed due consideration of the § 3553(a) factors where the district court had at its disposal a PSR, objections to the PSR, sentencing memoranda, and letters submitted on the defendant's behalf).

---

¹Greenwell had a total offense level of 48 and a criminal history category of I.  While this normally translates to a guidelines range of life imprisonment, each of Greenwell's offenses was subject to a statutory maximum of thirty years.  18 U.S.C. § 2251(e).  Greenwell's guidelines range was therefore calculated as the statutory maximum of thirty years on each count, resulting in an advisory guidelines range of 150 years' imprisonment.  *See* U.S.S.G. § 5G1.2(d).

²The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

-2-

We review the substantive reasonableness of a sentence under an abuse-of-discretion standard. *United States v. Moore*, 565 F.3d 435, 437-38 (8th Cir. 2009). "We may find an abuse of discretion where the sentencing court 'fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors.'" *Id.* at 438 (quoting *United States v. Kowal*, 527 F.3d 741, 749 (8th Cir. 2008)). "[W]here a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." *United States v. Black*, 670 F.3d 877, 882 (8th Cir. 2012) (quoting *United States v. McKanry*, 628 F.3d 1010, 1022 (8th Cir. 2011)).

Greenwell argues that the district court abused its discretion by giving significant weight to the United States Sentencing Guidelines and to the statutory mandatory minimums for child pornography offenses, which he claims are unduly harsh, not based on empirical evidence, and duplicative. In doing so, he relies on *Kimbrough v. United States*, in which the Supreme Court found no abuse of discretion when a district court varied downward based on its policy disagreement with the sentencing guidelines disparity between crack and powder cocaine. 552 U.S. 85, 109 (2007). However, we have held that *Kimbrough* does not require district courts to consider such policy disagreements with the guidelines, but rather it merely allows them to do so. *See Battiest*, 553 F.3d at 1137. Declining to vary downward on the basis of a defendant's policy disagreement with the guidelines is not an abuse of discretion or otherwise erroneous. *See id.*

Greenwell also contends that the district court abused its discretion by improperly weighing the § 3553(a) factors. However, "[t]he district court's decision to place greater emphasis in this case on factors that favored a sentence . . . than on other § 3553(a) factors that might favor a more lenient sentence is a permissible

-3-

exercise of the considerable discretion available to a sentencing court under the post-*Booker* regime." *United States v. Ruelas-Mendez*, 556 F.3d 655, 658 (8th Cir. 2009). We find no abuse of discretion in the district court's below-guidelines-range sentence.  *See Black*, 670 F.3d at 882.

For the foregoing reasons, we affirm.

_____

-4-