```
                    UNITED STATES OF AMERICA
                  EASTERN DISTRICT OF MISSOURI
                        EASTERN DIVISION

UNITED STATES OF AMERICA,     )
                              )
        Plaintiff,            )
                              )
   vs.                        )   No. 4:09-CR-757 CAS
                              )
JEFFREY GREENWELL,            )
                              )
        Defendant.            )


         TRANSCRIPT OF CHANGE OF PLEA HEARING

         BEFORE THE HONORABLE CHARLES A. SHAW
               UNITED STATES DISTRICT JUDGE

                      June 22, 2011


APPEARANCES:

For Plaintiff:       Ms. Carrie Costantin
                     OFFICE OF U.S. ATTORNEY
                     111 South 10th Street
                     20th Floor
                     St. Louis, MO  63102

For Defendant:       Ms. JoAnn Trog
                     MENEES WHITNEY BURNET & TROG
                     121 W. Adams
                     St. Louis, MO  63122



REPORTED BY:         SUSAN R. MORAN, RMR
                     Official Court Reporter
                     111 South 10th Street
                     St. Louis, MO  63102
                     (314) 244-7983


Proceedings recorded by mechanical stenography, produced by
computer-aided transcription.
```

1     (The following proceedings were held in open court
2  on June 22, 2011 at 10:11 a.m.:)
3     THE COURT:  This is United States of America versus
4  Jeffrey Greenwell.  Representing the United States is
5  Assistant United States Attorney Carrie Costantin.  And
6  representing Mr. Greenwell is Attorney JoAnn Trog.
7     And I understand that we're here for a plea to the
8  superseding indictment.  How about that, Ms. Trog?
9     MS. TROG:  That is correct, Your Honor.  We've
10 received a plea agreement from Ms. Costantin last week.
11 Mr. Greenwell and I have went over it.  We discussed it
12 thoroughly.  And it's Mr. Greenwell's decision, Your Honor,
13 which he will so state, that it is his desire that he enter a
14 plea of guilty to all five counts of the indictment.
15    THE COURT: Very well.  Mr. Greenwell, will you
16 raise your right hand and be sworn.
17    THE DEFENDANT:  Yes.
18    (Defendant sworn.)
19    THE COURT:  Mr. Greenwell, is it correct what your
20 attorney, Ms. Trog, said, that you wish to enter a guilty
21 plea in this matter, that you've gone over the Plea Agreement
22 that's been sent to you by Ms. Costantin?
23    THE DEFENDANT:  Yes, Your Honor.
24    THE COURT:  Very well.  I need to ask you a few
25 questions to make sure that your plea is voluntary and

```
 1   knowing; that is, you are doing this of your own free will
 2   and you understand what you're doing.  So, first of all, how
 3   old are you?
 4           THE DEFENDANT:  I'm 39.
 5           THE COURT:  Thirty what?
 6           THE DEFENDANT:  Thirty-nine.
 7           THE COURT:  And how far have you gone in school?
 8           THE DEFENDANT:  Twelfth grade.
 9           THE COURT:  Are you presently under the influence of
10   any drugs, alcohol, or medication?
11           THE DEFENDANT:  No, Your Honor.
12           THE COURT:  Are you suffering from any mental
13   disease or defect?
14           THE DEFENDANT:  No, Your Honor.
15           THE COURT:  Very well.  Ms. Costantin, for the
16   record, would you advise us as to the charges and range of
17   punishment?
18           MS. COSTANTIN:  The defendant is charged with five
19   counts of production of child pornography.  The range of
20   punishment for each count is from 15 to 30 years, so it is a
21   minimum of 15-year sentence on each count.  There's a fine up
22   to $250,000.  And a special assessment of $100 per count.  In
23   addition, the defendant may be placed on a period of
24   supervised release after his incarceration for a period of
25   five years up to lifetime term of supervised release.
```

1	Your Honor, as far as the sentences, the 15- to
2	30-year sentence on each count, those can be run
3	concurrently; that is, together, or consecutively, on top of
4	each other.
5	THE COURT: Very well. Do you understand that,
6	Mr. Greenwell?
7	THE DEFENDANT: Yes, Your Honor.
8	THE COURT: Very well. Ms. Costantin, what would be
9	the government's evidence that it could prove beyond a
10	reasonable doubt had this matter gone to trial?
11	MS. COSTANTIN: Your Honor, the government's
12	evidence would show beyond a reasonable doubt that in August
13	of 2009, the U.S. Department of Justice received information
14	that an individual with the nickname "Muddyfeet" was
15	molesting children and had produced child pornography.
16	Images of a minor male and the lascivious display of his
17	genitals were sent by "Muddyfeet" to a cooperating
18	individual. Internet service provider records found that the
19	IP address for "Muddyfeet" resolved to the account of the
20	defendant in Sullivan, Missouri.
21	Investigators subsequently identified the minor male
22	in the photographs as B.E., a boy under the age of 12. B.E.
23	was interviewed and stated the defendant had taken
24	photographs of B.E.'s nude penis.
25	On October 23rd, 2009, a valid Franklin County

1    Circuit Court search warrant was executed at the defendant's
2    residence in Sullivan in the Eastern District of Missouri.
3    Two computers, hard drives, a Nikon digital camera, a Sony
4    Handycam camera, and a Casio digital camera and numerous CDs,
5    DVDs were seized among other items.
6         The next day the defendant's landlord found another
7    Casio camera wrapped in clothing in defendant's dresser.  He
8    gave that camera to the Franklin County Sheriff's Department.
9    Two subsequent valid Franklin County Circuit Court search
10   warrants were issued to examine the seized material.
11        The defendant was arrested, advised of his *Miranda*
12   rights, and waived his rights.  He told the investigators
13   that he had taken photographs of B.E.'s nude penis and had
14   touched B.E.'s nude penis with his hand.  The defendant
15   babysat for B.E.  He stated that he had encrypted his hard
16   drives.  He stated that he had made "Scooby Doo"
17   introductions to several child pornography videos that he had
18   received from other individuals.  Those individuals had
19   produced the child pornography videos.
20        He stated he preferred boys between the ages of
21   eight and 12.  He stated that he was the monitor of the IRC
22   trading channel for the Undernet channel known as "aLL bois,"
23   b-o-i-s.  He stated that he used the screen name of
24   "Muddyfeet" and traded child pornography with others.
25        The defendant told investigators that he had taken

1  photographs of the nude penis of another minor male, K.A.,
2  with his Casio camera.
3     The embedded data on the child pornography images of
4  B.E. showed that they were taken with a Casio brand digital
5  camera.  Between January 1st, 2007 and October 23rd, 2009, at
6  defendant's residence in the Eastern District of Missouri,
7  the defendant used B.E. to engage in sexually explicit
8  conduct; that is, the lascivious exhibition of B.E.'s
9  genitals and defendant performing oral sex on B.E.  And
10 defendant took photographs of such sexually explicit conduct
11 with defendant's Casio brand digital camera.  That Casio
12 brand camera was manufactured outside Missouri and therefore
13 traveled in interstate commerce to reach Missouri.
14    A forensic examination of defendant's Gateway
15 computer found that it contained images of defendant
16 masturbating and performing oral sex on S.J., a boy under the
17 age of 12.  The computer also contained images of defendant
18 masturbating K.A., defendant performing oral sex on K.A., and
19 K.A. performing oral sex on defendant.  Some of those images
20 depicted K.A. when he was less than 12 years old.
21    The computer also contained images of B.K., a minor
22 male, in the lascivious display of his genitals.
23    The computer also contained images of defendant
24 masturbating K.S. and performing oral sex on K.S.  K.S. was a
25 minor male under the age of eight.

```
 1            Defendant took those photographs with his Casio
 2   brand digital cameras, his Nikon camera, and his Sony
 3   Handycam camera.  S.J., K.A., B.K., and K.S. were in
 4   defendant's care at the time the photographs were taken.
 5            Between January 1st, 2007 and October 23rd, 2009, at
 6   defendant's residence in the Eastern District of Missouri,
 7   the defendant used S.J. to engage in sexually explicit
 8   conduct; that is, the defendant masturbating S.J. and
 9   defendant performing oral sex on S.J.  And the defendant took
10   photographs of such sexually explicit conduct with
11   defendant's Nikon, Casio, or Sony Handycam cameras.
12            Between January 1st, 2003 and October 23rd, 2009, at
13   defendant's residence in the Eastern District of Missouri,
14   the defendant used K.A. to engage in sexually explicit
15   conduct; that is, the defendant masturbating K.A., the
16   defendant performing oral sex on K.A., and K.A. performing
17   oral sex on the defendant.  And defendant took photographs of
18   such sexually explicit conduct with defendant's Casio brand
19   digital camera and his Sony Handycam.
20            Between January 1st, 2008 and October 23rd, 2009, at
21   defendant's residence in the Eastern District of Missouri,
22   the defendant used B.K. to engage in sexually explicit
23   conduct; that is, the lascivious exhibition of B.K.'s
24   genitals.  And defendant took photographs of such sexually
25   explicit conduct with his Nikon, Casio, or Sony Handycam
```

1  cameras.
2          Between January 1st, 2008 and October 23rd, 2008 --
3  2009 -- excuse me, at defendant's residence in the Eastern
4  District of Missouri, the defendant used K.S. to engage in
5  sexually explicit conduct; that is, the lascivious exhibition
6  of K.S.'s genitals, the defendant masturbating K.S., and
7  defendant performing oral sex on K.S.  And defendant took
8  photographs of such sexually explicit conduct with his Nikon,
9  Casio, or Sony Handycam cameras.
10         The Nikon, Casio, and Sony cameras were manufactured
11 outside the United States and therefore traveled in foreign
12 and interstate commerce.
13         That would be the government's evidence, Your Honor.
14         THE COURT:  Okay.  Is that what happened,
15 Mr. Greenwell?
16         THE DEFENDANT:  Yes, Your Honor.
17         THE COURT:  Very well.  Now, you understand you
18 don't have to plead guilty if you don't wish to do so, you
19 could have a trial by jury.  You could require the
20 government, Ms. Costantin or one of the other Assistant
21 United States Attorneys, to prove your guilt beyond a
22 reasonable doubt to 12 citizens making up a jury.  They would
23 have to do that by bringing evidence into open court.  And
24 you would have the right to an attorney, Ms. Trog or whoever
25 else, throughout any such trial as well as after.  Your

```
 1    attorney could cross-examine the government witnesses,
 2    examine all the evidence, could through the power of subpoena
 3    require witnesses to come to court to testify in your behalf.
 4    You could testify for yourself if you wished to do so, but
 5    you could not be required to testify.  And if you chose not
 6    to testify, the government could make no comment about your
 7    decision.
 8            Also, you would be presumed innocent throughout any
 9    such trial.  However, when you enter a guilty plea, there's
10    no trial whatsoever, you just enter your guilty plea, and we
11    proceed on toward sentencing at a later date.
12            Now, do you understand this?
13            THE DEFENDANT:  Yes, Your Honor.
14            THE COURT:  Very well.  Counsel, have there been any
15    threats or promises made to Mr. Greenwell to get him to plead
16    guilty?
17            MS. COSTANTIN:  No, Your Honor.
18            MS. TROG:  No, Your Honor.
19            THE COURT:  Mr. Greenwell, how about that, any
20    threats or promises made to get you to plead guilty?
21            THE DEFENDANT:  No, Your Honor.
22            THE COURT:  Very well.  Mr. Greenwell, are you
23    pleading guilty because you are in fact guilty, you did
24    commit these offenses?
25            THE DEFENDANT:  Yes, Your Honor.
```

```
 1              THE COURT:  How do you plead?
 2              THE DEFENDANT:  I plead guilty.
 3              THE COURT:  The Court will accept your plea, find
 4    you guilty beyond a reasonable doubt.  Schedule your
 5    sentencing for June 22nd -- oh, sorry, September 22nd, 2011
 6    at 2 p.m.
 7           What, if anything, else?
 8              MS. TROG:  Nothing further on behalf of defendant,
 9    Your Honor.
10              MS. COSTANTIN:  Nothing further on behalf of the
11    state, Your Honor.
12              THE COURT:  Very well.  Thank you all.
13              (Court in recess at 10:22 a.m.)
14
15
16
17
18
19
20
21
22
23
24
25
```

11

1          C E R T I F I C A T E

2          I, Susan R. Moran, Registered Merit Reporter, in

3  and for the United States District Court for the Eastern

4  District of Missouri, do hereby certify that I was present

5  at and reported in machine shorthand the proceedings in the

6  above-mentioned court; and that the foregoing transcript is

7  a true, correct, and complete transcript of my stenographic

8  notes.

9          I further certify that I am not attorney for, nor

10 employed by, nor related to any of the parties or attorneys

11 in this action, nor financially interested in the action.

12         I further certify that this transcript contains

13 pages 1 - 11 and that this reporter takes no responsibility

14 for missing or damaged pages of this transcript when same

15 transcript is copied by any party other than this reporter.

16         IN WITNESS WHEREOF, I have hereunto set my hand

17 at St. Louis, Missouri, this 10th day of January, 2014.

18

19                              _____
                                /s/ Susan R. Moran
20                              Registered Merit Reporter